IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARON DWANE HOWARD, #159809, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:22-cv-640-ECM-JTA ) |
| GWENDOLYN BABERS, et al., | ) ) |
| Respondents. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alabama inmate Daron Dwane Howard filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in which he challenges his revocation of probation following his convictions for possession of a forged instrument, possession of a controlled substance, and theft of property. (Doc. No. 1.) For the reasons discussed below, the undersigned RECOMMENDS that Howard's Petition be DENIED as time-barred under the federal statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

**I.    BACKGROUND**

**A.    Howard's State Court Proceedings**

In or around November 2019, Howard was placed on probation following his convictions for possession of a forged instrument in the third degree, possession of a controlled substance, and theft of property in the first degree. (Doc. No. 15-1 at 5.) Howard did not directly appeal his convictions and sentences.

On January 17, 2020, Howard's probation officer filed a delinquency report alleging that Howard violated the terms and conditions of his probation by failing to report. (*Id*. at 5–6, 8–9, 63–64, 66–67, 119–120.) On March 13, 2020, Howard's probation officer filed a second delinquency report alleging that Howard violated the terms and conditions of his probation based on his arrest for a new criminal charge of assault in the second degree. (*Id*. at 38.) After Howard's probation revocation hearing, at which Howard was present and represented by counsel, the circuit court entered an order finding that Howard violated the conditions of his probation by failing to report to his probation officer and committing a new criminal offense of assault in the second degree. (*Id*. at 25–26, 50–51, 83–84, 108–109, 139–140, 162–163.) Howard did not file any post judgment motions.

Howard appealed the circuit court's ruling in the Alabama Court of Criminal Appeals and argued that the State failed to present "sufficient corroborative evidence to sustain a revocation of probation." (Doc. No. 15-2 at 9.) Specifically, Howard argued that the State failed to produce testimony from a witness to the assault; failed to provide any photographs of the injury from the assault; and failed to offer any medical reports regarding the injury. (*Id*. at 9–10; Doc. No. 15-3 at 3.) Additionally, he argued that he was not served with written notice of the alleged probation violations in violation of his due process rights. (Doc. No. 15-2 at 11; Doc. No. 15-3 at 5.)

In a Memorandum Decision issued on December 11, 2020, the Court of Criminal Appeals held that the State provided sufficient evidence to support the circuit court's revocation of Howard's probation based on Howard committing a new criminal offense of assault in the second degree. (Doc. No. 15-3 at 4.) Regarding his second claim, the Court

held that the issue was not preserved for appellate review because Howard did not first raise that issue before the circuit court. (*Id*. at 5.) Thus, the Court of Criminal Appeals affirmed the circuit court's ruling. (*Id*.) Howard did not file an application for rehearing, and he did not file a petition for a writ of certiorari with the Alabama Supreme Court. The Court of Criminal Appeals issued a Certificate of Judgment on December 30, 2020. (Doc. No. 15-4.)

    **B.**    **Howard's § 2254 Petition**

Howard filed this Petition for Writ of Habeas Corpus on October 31, 2022. (Doc. No. 1 at 15.) In his Petition, he claims that (1) at his probation revocation hearing, the State failed to produce testimony from a witness to the assault as well as photographic evidence; (2) he was not served with written notice of his alleged probation violations; (3) the circuit court did not conduct a probation revocation hearing in accordance with the law; and (4) the circuit court's order revoking his probation was unlawful. (*Id*. at 5–11.)

**II.**    **DISCUSSION**

In their Answer, Respondents argue that Howard's Petition is time-barred pursuant to the applicable statute of limitations.[1] (Doc. No. 15 at 3–5.) For the reasons set forth below, the undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

---

[1] Respondents further argue that Howard's claims are (1) unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts; and (2) meritless. (Doc. No. 15 at 5–9.) However, because the undersigned finds that the Petition is time-barred, the Court pretermits discussion of Howard's procedural default as well as the merits of his Petition.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.  Computation of Timeliness of § 2254 Petition

In most cases, a § 2254 petition must be filed within one year of the date on which the state court's judgment becomes final, either by the conclusion of direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). In this case, the Alabama Court of Criminal Appeals affirmed the circuit court's ruling on direct appeal in a Memorandum Decision issued on December 11, 2020. (Doc. No. 15-3.) Howard did not apply for rehearing or seek certiorari

review in the Alabama Supreme Court. The Court of Criminal Appeals issued its Certificate of Judgment in the direct review proceedings on December 30, 2020. (Doc. No. 15-4.) Thus, for purposes of § 2244(d)(1)(A), Howard's judgment became final on December 30, 2020. *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006). On that date, the AEDPA's one-year statute of limitations began to run. Accordingly, absent a statutory or equitable tolling event, Howard had until December 30, 2021 to file a timely § 2254 petition; however, Howard did not file his Petition until October 31, 2022—more than ten months later.

## B. Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitations period is tolled during the pendency of a properly filed state court petition. *See id*. However, in this case, the Court finds nothing in the record to implicate tolling under this statute. Moreover, Howard does not set forth sufficient allegations or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). That is, he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition; that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. Thus, Howard is not entitled to statutory tolling.

## C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of

5

extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, "equitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing that equitable tolling is warranted falls upon the petitioner. *Hunter*, 587 F.3d at 1308.

Howard has not demonstrated that he is entitled to equitable tolling. When prompted to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] petition" (Doc. No. 1 at 13), Howard responded, "Because I am Daron D. Howard-Bey, Moorish American; a Natural Person, In Propria Persona, and not 'Pro Se,' and not an artificial corporate person, nom de querra, strawman, nor any other fraudulent, misrepresentation, as scribed in all CAPITAL LETTERS, as dishonorably place before these Courts on paper . . . ." (*Id*.) This declaration is followed by a narrative of events pertaining to his January 27, 2020 arrest, which fails to establish a basis for equitable tolling. (*Id*. at 13–14.) Nowhere in his filings does Howard demonstrate that an "extraordinary circumstance" prevented the timely filing of his Petition or that he pursued his rights diligently in an effort to file his Petition. *See Holland*, 560 U.S. at 649. Thus, Howard is not entitled to equitable tolling.

### III.     CONCLUSION

Accordingly, because Howard filed his § 2254 Petition more than ten months after the AEDPA's one-year statute of limitations expired and he is not entitled to either statutory or equitable tolling, the undersigned RECOMMENDS that the Petition be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that, by June 29, 2023, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of June, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE